IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS LAU,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL BUREAU OF INVESTIGATION; UNITED STATES ARMY GARRISON, HAWAIʻI; and UNITED STATES COAST GUARD,<br><br>　　　　　Defendants. | Case No. 23-cv-00329-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**[1] |

On August 4, 2023, Plaintiff Thomas Lau, proceeding *pro se*, filed a Complaint against the Federal Bureau of Investigation and U.S. Army Garrison, Hawaiʻi. Dkt. No. 1. On August 7, 2023, Lau filed an Amended Complaint, adding the U.S. Coast Guard as a Defendant. Dkt. No. 5. Lau alleges that, every day since November 2016, "about 20–30 FBI Cessna planes [and] 5–10 U.S. Army and Coast Guard helicopters fly over the location of his person including his home, work, and any public locations he frequents." *Id.* at 5. He requests an injunction, along with $50 million in damages for emotional distress. *Id.*

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

1

Lau also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. As discussed below, the IFP Application is DENIED.

Under 28 U.S.C. § 1915(a)(1) (the "IFP statute"), federal courts may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that demonstrates his inability to pay. The goal of the IFP statute is to facilitate "equal access to the courts regardless of economic status," but it is not intended to encourage the filing of frivolous claims. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995); 28 U.S.C. § 1915(e)(2)(B).

To qualify, a litigant must "allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted), but he is not required to demonstrate absolute destitution. *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "District courts have broad discretion in deciding whether a filing fee is 'fair and appropriate in a particular case.'" *Hymas v. U.S. Dep't of Interior*, 73 F.4th 763, 767–68 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)). "When determining the ability of an *in forma pauperis* plaintiff to pay a [] filing fee, the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander*, 9 F.3d at 1449.

Here, Lau has not made the required showing under Section 1915(a). In his IFP Application, Lau alleges that he receives $628.63 in take-home pay every two weeks, or approximately **$1,362.03** per month. Dkt. No. 3. He has $2,452 in cash savings and owns a 2002 Toyota RAV4, worth about $1,100. His monthly expenses, excluding groceries and other necessities of life, include: $42 for auto insurance, $30 for a cell phone, $24 for a gym membership, $55 for student loans, and $200 for credit cards. Thus, his alleged monthly expenses are **$351.00**, plus groceries and other living expenses.

The Court finds that these financial circumstances do not demonstrate that Lau lacks the means to pay the $402 filing fee for this action while still being able to afford the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. After his alleged monthly expenses of $351.00, which includes a gym membership, Lau still has **$1,011.03** leftover each month for food and other necessities of life.[2] Thus, he maintains a significant positive monthly cash flow. Additionally, he has cash savings of $2,452, which alone would cover the filing fee. The IFP Application is DENIED. *See* Dkt. No. 3.

---

[2] Lau alleges that he requires $515 per month for groceries. Factoring this amount into his expenses, he still has a monthly surplus of $496.03.

Lau may have until **August 24, 2023** to pay the required filing fee. The Court cautions Lau that failure to pay such fee by August 24, 2023 will result in the automatic dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

DATED: August 11, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge