IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS LAU,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00329-DKW-RT<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Thomas Lau, proceeding *pro se*, alleges in his First Amended Complaint ("FAC") that for the past seven years, the Federal Bureau of Investigation ("FBI"), the United States Army Garrison of Hawaiʻi ("Army"), and the United States Coast Guard ("Coast Guard") (collectively "Defendants") have engaged in near-constant aerial surveillance of him in violation of the Fourth Amendment.[1]  Dkt. No. 17.  Pursuant to these allegations, Lau moves for a temporary restraining order and a preliminary injunction, seeking to prevent Defendants, as well as all other federal agencies, from targeting him with further aerial surveillance.  Dkt. No. 29.  In addition to opposing this motion, Defendants

---

[1] Lau's FAC initially also asserted claims pursuant to two criminal statutes: 18 U.S.C §§ 241 and 242.  He withdrew these claims, however, after being informed that he lacked standing as a private individual to assert criminal claims.  *See* Dkt. No. 36 at 2 ("The plaintiff understands that 18 U.S.C. §§ 241 and 242 do not apply to this case"); Dkt. No. 38 (noting that the Court granted Lau's oral request to dismiss his claims pursuant to 18 U.S.C. §§ 241 and 242).  Accordingly, the Court declines to further address these claims herein.

move to dismiss the FAC for lack of jurisdiction and failure to state a claim upon which relief may be granted.  Dkt. No. 32.

Having reviewed the FAC, the motion for a temporary restraining order and a preliminary injunction, and the motion to dismiss, the Court agrees it lacks jurisdiction over Lau's Fourth Amendment damages claim.  The Court further finds that although Lau's remaining allegations are sufficiently specific to survive a Rule 12(b)(6) challenge, he has not shown a likelihood of success on the merits.  Accordingly, as more fully explained herein, Lau's motion for a temporary restraining order and preliminary injunction, Dkt. No. 29, is DENIED and Defendants' motion to dismiss, Dkt. No. 32, is GRANTED IN PART and DENIED IN PART.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Thomas Lau claims that for the past seven years, he has been "unjustly surveilled . . . with no basis and no warrant."  Dkt. No. 17 at 5.  Specifically, although he "has not been indicted for any federal crime" and is neither a "terrorist nor involved in any illegal business," every day since November 2016, "about 20–30 FBI Cessna planes [and] 5–10 U.S. Army and USCG helicopters fly over the location of his person including his home, work, and any public locations he frequents."  *Id.*  Based on these observations, Lau filed a Freedom of Information Act ("FOIA") request with the FBI.  *Id.*  The FBI's

response, however, indicated that no responsive records were found and any further attempts he has made to speak with FBI agents about this matter have received no answer. *Id*.

Accordingly, on August 4, 2023, Lau filed a Complaint[2] against the FBI and the Army, seeking injunctive relief and damages for violations of the Fourth Amendment's prohibition on unreasonable search and seizure. Dkt. No. 1. On August 7, 2023, Lau filed the operative FAC, raising the same claims, but adding the Coast Guard as a Defendant. Dkt. No. 17. Subsequently, on October 10, 2023, Lau filed a motion for a preliminary injunction, but withdrew it shortly thereafter. *See* Dkt. No. 24; Dkt. No. 26. He then filed a second motion for a temporary restraining order and a preliminary injunction on October 13, 2023, which he again withdrew just three days later. *See* Dkt. No. 27; Dkt. No. 28. Finally, on October 16, 2023, Lau filed the instant amended motion for a temporary restraining order and a preliminary injunction. Dkt. No. 29.

Three days later, on October 19, 2023, Defendants moved to dismiss the FAC for lack of jurisdiction and failure to state a claim on which relief may be granted. Dkt. No. 32. Lau filed his opposition on October 30, 2023, followed by an amended memorandum in support of the same on November 9, 2023. Dkt. No.

---

[2]Lau simultaneously also filed an application to proceed *in forma pauperis* which the Court denied on August 11, 2023. See Dkt. No. 3; Dkt. No. 7.

34; Dkt. No. 36.  Defendants filed their opposition to Lau's motion for a temporary restraining order and a preliminary injunction on November 30, 2023.  Dkt. No. 37.  Neither side filed a reply brief in support of their respective motion.  Finally, on January 4, 2024, the Court held a hearing on both motions.  Dkt. No. 38.  At the conclusion of the same, the Court took the pending motions under advisement.  *Id.*  This Order now follows.

## STANDARD OF REVIEW

### I.  Rule 12(b)(1)

A party may raise a sovereign immunity defense by challenging the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] Such jurisdictional attacks may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the challenger asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," while, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

In considering a Rule 12(b)(1) motion to dismiss, the Court is "ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial,

---

[3] *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." (citations omitted)).

resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In doing so, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (brackets, quotation marks, and citation omitted).

**II.**     **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).

### III.   Temporary Restraining Order/Preliminary Injunction

The standard for evaluating a temporary restraining order is substantially identical to that required for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). In either case, the relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Defense Council*, 555 U.S. 7, 24 (2008). Rather, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Provided that the other *Winter* factors are met, the Court may also issue a temporary restraining order or preliminary injunction where "a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (ellipses and citation omitted). However, if a party "has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).

## DISCUSSION[4]

I. **Temporary Restraining Order/Preliminary Injunction**

Lau contends that he is entitled to preliminary relief because he has video evidence that the FBI, Army, and Coast Guard have been engaging in aerial surveillance of him since at least November 2017.[5] Dkt. No. 29 at 4. According to Lau, military and law enforcement aircraft frequently fly in close proximity to his location, subjecting him to a "constant barrage of noise torture through day and night." *Id.* at 5. To this end, Lau has captured at least 94 videos of planes and helicopters purportedly surveilling him at his residence, work, and other locations throughout Oʻahu. *Id.* at 5–8. Lau further claims that because he has "cleared an FBI background check" and his FOIA request returned no responsive records, he "has no arrest, felony, or outstanding warrant and thus, there is no basis for plaintiff to be under investigation." *Id.* at 8–10. As such, Lau argues that this surveillance violates the Fourth Amendment. *Id.* at 5.

These allegations, however, fail to establish that Lau has a substantial likelihood of success on the merits or even that there are serious questions as to the same. As an initial matter, Lau has not demonstrated that Defendants own or

---

[4]As Lau is *pro se*, the Court has liberally construed his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).
[5]Lau contends he first noticed Cessna planes and helicopters tracking him in November 2016, but that his videos of the same have since been lost. Dkt. No. 29 at 4.

operate the aircraft which he perceives as surveilling him. For instance, Lau asserts that he knows that the FBI owns and controls the Cessnas that he claims are following him because of various news articles and FBI statements admitting to the use of such planes in investigations. *See* Dkt. No. 29 at 2–4; Dkt. No. 36 at 2. Nevertheless, he fails to explain how he knows *these Cessnas* are owned and operated by the FBI as opposed to any one of the numerous other public and private entities which may use the same planes. As he conceded at oral argument, he has not been able to discern the markings, such as the tail numbers, on any of the aircraft in question and thus has not been able to trace their origin through those markings. Similarly, although Lau's motion is replete with stock images of the types of aircraft he sees, *see, e.g.*, Dkt. No. 29 at 2, 6–8, these generic photos do not provide any support for Lau's allegations that Defendants actually own and operate the planes and helicopters in question.

Moreover, even if Defendants do own and/or operate such aircraft, Lau still provides no reason to believe that they have been surveilling him. Lau argues that "it's implausible that [seeing these planes and helicopters] are coincidences since they are not isolated incidents and happen across settings and times with the plaintiff's location being the constant." Dkt. No. 36 at 2. Notably, however, the sight of military and law enforcement planes and helicopters flying overhead is an everyday occurrence in any urban area across the country, let alone on Oʻahu,

which has a significant presence of military and Coast Guard resources. Without more, the mere presence of aircraft in the sky, even for seven years and across various locations, is not evidence that Defendants collectively or individually are surveilling him. Rather, particularly given Lau's own acknowledgment that he "is not a criminal or terrorist," and that the FBI has no record of him, it is far more likely that Lau is simply not being surveilled. *See* Dkt. No. 29 at 10.

In sum, because Lau has failed to provide any evidence to suggest that Defendants own the aircraft in question, let alone are surveilling him with the same, he cannot show any likelihood of success on the merits. The motion for a temporary restraining order and a preliminary injunction is therefore denied.[6]

## II. Motion to Dismiss

Having denied Lau's motion for a temporary restraining order and a preliminary injunction, the Court now turns to Defendants' motion to dismiss.

### A. Plausibility

Defendants first assert that Lau's FAC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as his allegation that federal agencies are

---

[6]Because Lau has failed to show a likelihood of success on the merits, the Court declines to reach the remaining factors for injunctive relief. *See Global Horizons*, 510 F.3d at 1058 ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary."); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (When "a plaintiff has failed to show the likelihood of success on the merits, [the Court] need not consider the remaining three *Winter* elements." (brackets, quotation marks, and citations omitted)).

surveilling him "is totally implausible on its face and conclusory." Dkt. No. 32-1 at 4. Specifically, Defendants argue that "[w]hile Plaintiff may see planes and helicopters each day, there is no basis to believe that they are conducting surveillance of him. Further, Plaintiff does not explain why he believes that the FBI owns or controls the 'Cessna planes' he has allegedly seen every day." *Id.* at 4–5. As such, Defendants contend that Lau's allegations are "conclusory and insufficiently plausible to give rise to causes of action that survive dismissal." *Id.* at 5.

The Court disagrees. Although Lau's assertions may be unlikely to succeed on their merits, at this stage of the proceedings, the Court does not find that they are conclusory or facially implausible such that the FAC should be dismissed as a matter of law. Notably, a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the *legal sufficiency* of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Accordingly, unlike the standard for a preliminary injunction or temporary restraining order, Rule 12(b)(6)'s "plausibility standard is not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678. Instead, it requires only that the complaint contains sufficient factual matter, *accepted as true*, to find "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Under this standard, "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal

theory." *Navarro*, 250 F.3d at 732 (citing *Balisteri v. Pacifica Police Dep't*, 901 F.2d 686, 699 (9th Cir. 1988)).

Here, Lau's FAC contains very specific allegations regarding the timeline and length of his surveillance, the number and types of planes and helicopters he sees every day, the locations of the surveillance, the federal agencies involved, and the absence of cause for any of the above.[7]  *See* Dkt. No. 17 at 5.  Although, again, the merit of these factual allegations may prove dubious, and, indeed, have been shown to be dubious thus far, it is nevertheless inappropriate at this juncture, based on the pleadings, for the Court to do anything other than take these factual contentions as true.  When doing so, the Court finds that it is able—if only just barely—to draw the reasonable inference that Defendants are liable for the misconduct alleged.[8]  *See Twombly*, 550 U.S. at 556 ("a well-pleaded complaint

---

[7]Lau's FAC also relies heavily on his captured videos to establish his claims. *See* Dkt. No. 17 at 5.  As such, in considering Defendants' motion to dismiss, the Court takes judicial notice of the videos as being incorporated into the FAC by reference.  *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (explaining that the Court may consider certain materials, including, *inter alia*, documents incorporated by reference or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment).
[8]Defendants additionally contend that Lau's claims must be dismissed for lack of subject matter jurisdiction under the "substantiality doctrine." Dkt. No. 32-1 at 5 n.1.  Such doctrine provides that "the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985).  The Supreme Court has "questioned" the merit of the "substantiality doctrine as a statement of jurisdictional principles affecting the power of a federal court to adjudicate constitutional claims" and "characterized [it] as more ancient than analytically sound." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (citations and quotation marks omitted).  Its viability, post-*Twombly,* is also questionable.  Insofar as Defendants seek dismissal based on the substantiality doctrine, it is denied.

may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (quotation marks and citation omitted)).  As such, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

B. **Sovereign Immunity**

Beyond their general argument that the FAC fails to state a claim for relief, Defendants also independently assert that Lau's constitutional tort claim must be dismissed for lack of jurisdiction.  Dkt. No. 32-1 at 6.  Specifically, Defendants contend that to the extent Lau seeks to recover *damages* for the alleged violation of his Fourth Amendment rights, such relief is barred by sovereign immunity.[9]  *Id.*

Lau's FAC states that he seeks "compensatory damages for his violation of Fourth Amendment rights and punitive damages of a combined total of up to $50,000,000."  Dkt. No. 17 at 5.  Absent waiver, however, "sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Here, Congress has not waived the federal government's sovereign immunity against constitutional claims for damages.[10]  *See Thomas-*

---

[9]Defendants' motion, in other words, does not seek dismissal of the injunctive relief that Lau seeks through his constitutional tort claim.

[10]Although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain tort claims, Lau explicitly states that he is not bringing his Fourth Amendment damages claim pursuant to this statute.  *See* Dkt. No. 36 at 8 ("Although for now, in this specific complaint, the plaintiff plainly seeks injunctive relief and reserves the right to file a claim under the FTCA at a later date *since this is not a lawsuit under the FTCA*, but a request for injunction." (emphasis added)).  Nor, in any case, would the FTCA provide him an avenue to do

*Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."). Moreover, the Supreme Court has also declined to recognize a direct cause of action for constitutional damages against federal agencies. *See Meyer*, 510 U.S. at 486. As such, the Court lacks jurisdiction to hear Lau's Fourth Amendment damages claim. *See Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991). Defendants' motion to dismiss is, therefore, granted with respect to the same.

## CONCLUSION

For the reasons set forth herein, the motion for a temporary restraining order and a preliminary injunction, Dkt. No. 29, is DENIED and the motion to dismiss, Dkt. No. 32, is GRANTED IN PART and DENIED IN PART. Specifically, Lau's claim for damages under the Fourth Amendment is DISMISSED. His claim for injunctive relief, however, survives. As amendment would be futile, no leave to amend is permitted.

IT IS SO ORDERED.

DATED: February 14, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

so. *See Meyer*, 510 U.S. at 478 ("The United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").