IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS LAU,<br><br>             Plaintiff,<br><br>     vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>             Defendants. | Case No. 23-cv-00329-DKW-RT<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL** |

Plaintiff Thomas Lau, proceeding *pro se*, moves to voluntarily dismiss his claims pursuant to Federal Rule of Civil Procedure 41. Dkt. No. 41. This motion is unopposed. *See* Dkt. No. 44. Accordingly, Lau's motion, Dkt. No. 41, is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE, as further explained below.

**FACTUAL & PROCEDURAL BACKGROUND**

In August 2023, Plaintiff Thomas Lau initiated this action by filing suit against the Federal Bureau of Investigation ("FBI"), the United States Army Garrison of Hawaiʻi ("Army"), and the United States Coast Guard ("Coast Guard"). Dkt. Nos. 1, 17. Principally, Lau asserts that for the past seven years, Defendants have engaged in near-constant warrantless aerial surveillance of his

person in violation of the Fourth Amendment.[1]  *Id.*  Based on these claims, Lau moved for a temporary restraining order and a preliminary injunction, seeking to prevent Defendants and all other federal agencies from surveilling him.  *See* Dkt. Nos. 24, 27, 29.  On October 19, 2023, Defendants responded by both opposing Lau's motion and filing a motion to dismiss Lau's claims for lack of jurisdiction and failure to state a claim upon which relief may be granted.  *See* Dkt. Nos. 32, 37.  On February 14, 2024, following a hearing, the Court issued an Order denying Lau's motion for injunctive relief, denying Defendants' motion based on failure to state a claim, and granting Defendants' motion, in part, based on the lack of jurisdiction.  Dkt. No. 39.

      Accordingly, on February 28, 2024, Defendants filed an answer.  Dkt. No. 40.  Shortly thereafter, on March 7, 2024, Lau filed the instant motion to voluntarily dismiss his claims pursuant to Federal Rule of Civil Procedure 41.  Dkt. No. 41.  Defendants responded the next day with a statement of no opposition.  Dkt. No. 44.  Pursuant to Local Rule 7.1(c), the Court elected to decide this matter without a hearing, Dkt. No. 42, and this Order now follows.

---

[1] Originally, Lau also asserted claims under 18 U.S.C. §§ 241 and 242.  *See* Dkt. No. 1 at 3; Dkt. No. 17 at 3.  He later withdrew these claims, however, upon acknowledging that he lacked standing as a private individual to assert such criminal claims.  *See* Dkt. No. 36 at 2; Dkt. No. 38.

## STANDARD OF REVIEW

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing either:

(i) A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) A stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1). If the opposing party has answered, moved for summary judgment, and/or refused to stipulate to dismissal, the action may be dismissed "at the plaintiff's request only by court order [and] on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Stevedoring Servs. of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Nevertheless, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "Legal prejudice means prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 976 (quotation marks and citation omitted). Mere uncertainty over an unresolved dispute or the threat of future litigation, inconvenience to the defendant of having to defend in a different forum, or tactical advantage to the plaintiff does not suffice. *Id.*

## **DISCUSSION**[2]

Here, Lau moves to voluntarily dismiss his case without prejudice pursuant to Rule 41 as "there is no officially discoverable information such as records or warrants, and since the rate of aerial surveillance has drastically reduced this year, and because the plaintiff is likely unable to arrive to all future hearings due to increased responsibilities at work." Dkt. No. 39 at 2. Notably, because Defendants have filed an answer, *see* Dkt. No. 40, the Court construes Lau's motion for voluntary dismissal as being brought pursuant to Rule 41(a)(2). *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Once the defendant serves an answer or a motion for summary judgment . . . the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2)."). Defendants do not oppose dismissal. *See* Dkt. No. 44. Nor, in stating their position, have Defendants articulated any prejudice, legal or otherwise, that would befall them should the Court accede to Plaintiff's request. *See id*. Lau's motion is accordingly GRANTED, and this case is DISMISSED.[3] By rule, such dismissal is WITHOUT PREJUDICE. *See* Fed. R.

---

[2] As Lau is *pro se*, the Court has liberally construed his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

[3] The Court notes that this Order is entered prior to the deadline for the filing of Lau's reply brief and prior to the filing of the same. *See* Dkt. No. 42. However, as Defendants do not oppose Lau's motion for voluntary dismissal, his reply brief is unnecessary to the Court's adjudication of the instant motion.

Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

## CONCLUSION

For the reasons set forth herein, Lau's motion to voluntarily dismiss his case, Dkt. No. 41, is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: March 12, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Thomas Lau vs. Federal Bureau of Investigation, et al;* Civil No. 23-00329 DKW-RT; **ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**